*638 The petition sets forth six separate causes of action. It seeks to have certain sections of the statutes, pertaining to the compensation and expense account of county commissioners, held unconstitutional, and also seeks to require defendant to cover back into the county treasury certain money which, it is claimed, he was paid as one of the county commissioners, and which payment, it is claimed, was unauthorized by law.
It is conceded that the laws in question, under which the defendant has been paid his salary and expenses, are objectional on constitutional grounds, and consequently invalid. But, notwithstanding that, one of the questions here made, is whether an officer, who discharges a duty enjoined upon him by an unconstitutional act before a court of competent jurisdiction declares the act to be unconstitutional, is protected in the discharge of that duty by the law under which he acted. In other words, can an action be maintained to recover back into the treasury the salary and expenses of such officer, paid to him under an unconstitutional law, but before it is so declared by a court of competent jurisdiction ?
Counsel have cited no authorities directly in point on this question. The question has certainly not been decided directly in this state, and so far as I have investigated, I have been unable to discover elsewhere any case directly decisive of the question.
In State, ex rel, v. Beacom et al, 66 O. S., 491, which is the celebrated case deciding the charter law of the city of Cleveland repugnant to the Constitution, and consequently void, Shauek, J., in the opinion, said:
“In the present case the same conclusion, with respect to the invalidity of legislation of the same character, points inevitably to a judgment of ouster, leaving no one to exercise the functions of the offices, some of which seem to be indispensable to the orderly conduct of the affairs of the city of Cleveland. * * * And while a judgment of ouster must follow our conclusions, we think public considerations will justify such.suspension of its execution as will give those discharging the duties of the other departments of the government of the state an opportunity to take such action as to them may seem best, in view of the condition which the execution of our judgment will create.”
*639 It is true, in the above case, the question at issue is not made or decided. But it is decisive of the question that, although all the laws for the government of said city, including the title by which the officers thereof hold their offices, are invalid and void, yet it is permitted, from public considerations, that said officers, by reason of suspension of judgment, may continue to hold said offices and perform the duties by said invalid law devolving on 'them until legislative relief may be afforded.
Can it be successfully contended that said suspension of judgment, while its inevitable purpose was to provide for the exercise of public functions of the offices, for the orderly conduct of-the affairs of the city, that such did not carry with it the lawful right of the officers performing those functions to be compensated therefor?
The suspension of judgment left the entire act in force tó be executed by de facto officers during the period of said suspension, and this would include the part thereof providing for the salaries of the de facto officers.
The order of suspension carries with it the right of said officers to perform said official duties, and it would necessarily follow that they would have the lawful right to be compensated therefor according to the provisions of said legislative act.
In State v. Gardner, 54 O. S., 47, Spear, J., says:
“All legislative authority is vested in our General Assembly. That body enacts the laws. It is just as much its duty to observe the Constitution as it is the duty of any other branch of the government. The presumption is, as declared in Railroad v. Commissioners, 1 O. St., 77, and nowhere disputed, that in the enactment of laws they heed that duty. To say, then, that a statute which, by all presumptions, is valid and constitutional until set aside as invalid by judicial authority, can not, in the mean time, confer any right, impose any duty, afford any protection, but is as inoperative as though it had never been passed, is at least startling. To say that a statute, which purports to create a constitutional office, duly enacted by our General Assembly, and duly promulgated, enjoins no duty of respect or obedience by the people, and affords no corresponding right or protection, and that all who undertake to enforce its demands do so at their peril, and at the risk of being deemed trespassers and usurpers, in case it shall be finally decided to be unconstitutional, by a bare majority, perhaps, of the court of last resort, *640 no matter what public necessities existed for its enforcement, nor what public approval and acquiescence there may have been, nor for how long a term of years, and no matter how many hpldings of intermediate courts there may have been sustaining its constitutionality, is to invite riot, turmoil and chaos. It is not the law in Ohio.”
I quote the above at length for the purpose of showing the opinion of the court — which is in accordance with the drift of authorities — that such a legislative act is to all intents and purposes a valid act, until it is held to be otherwise, and to show that those who undertake to enforce its demands, do not do so at their peril, and at the risk of being deemed trespassers and usurpers in event the law shall finally be decided to be invalid.
If the acts of such an officer, under such a law, are valid and effective, then the fact that he demanded and was paid for his services the salary or compensation provided by the act would necessarily be valid. I can not comprehend how that part of the act which concerns his official duties can be upheld, and the part thereof which provides for his salary denied.
It is argued by counsel for plaintiff that the drawing of a salary or an expense account out of the public treasury, by a public officer, is not an official act, but is a personal act, and is not protected by the principles sustaining official acts.
He cites no authorities in support of this proposition. In reason this position can not be maintained, because, as the authorities heretofore cited hold, the law under which he is acting, not a part thereof, but the entire act, including that which provides for his salary, is valid and enforceable until it is adjudged to be otherwise. And such being true, an act-which provides compensation for an officer thereunder, and which he has received for his services could certainly not be recovered back after the law is held to be unconstitutional.
The second, third and fourth causes of action of the petition present a question purely of statutory construction, and the legality of the several items therein set forth as paid to defendant will depend entirely upon whether the statute makes an allowance for such éxpenses.
It is a well recognized principle of law in this state that' a public officer is not entitled to compensation for his services *641 unless such are expressly provided by statute, and that such can not be allowed by implication. So that defendant’s right to be paid the items of expense set forth in the petition will depend on whether or not the statute makes an express allowance for such items.
The items in said three causes of action, here sought to be recovered back from defendant, consist of items of expense incurred in traveling within the county on official business, and certain items of expense incurred in traveling without the county, all of which were paid to defendant out of the county treasury on the warrants of the county auditor.
The second cause of action sets forth items of expense for a trip to Indianapolis, to inspect bridges, and consists of railroad fare $30, hotel bill and street car fare $31.10, making a total of $61.10.
Section 897 of the Revised Statutes provides, among other things, that “each county commissioner * * * in 'counties having, by the federal census of 1880, a population of 86,797, and no more, shall have a salary at the rate of twelve hundred dollars per annum, and necessary traveling expenses when traveling outside of the county on official business.”
The above provision was intended to, and did apply to, Franklin county alone, and it was the only provision of law then in force intending to provide for the salary or compensation of the county commissioners in this county, and for their necessary traveling expenses outside of the county on official business.
The question here is, what is meant by the words “necessary traveling expenses when traveling outside of the county on official business?”
The Supreme Court, in Richardson v. State, 66 O. S., 108, had occasion to construe in this connection that part of Section 897 of the statutes, which is general in its application. I might say here that the first part of this section of the statute is general in its operation, and applicable to all counties of the ' state. But certain counties were excepted by population from, operation under that part which is general in its operation, and among these was Franklin county, which is therein designated as a county containing under the federal census of 1880 a *642 population of 86,797 and no more, therein a salary was provided of $1,200 per annum each, and necessary traveling expenses when-traveling outside of the county on official business.
This part, at least, of said section of the statutes is special legislation, and is clearly repugnant to the Constitution under the late rulings of the Supreme Court in Guilbert v. Yates, 66 O. S., 546, and State, ex rel, v. Garver, 66 O. S., 555. As heretofore held the holding now that said section of the statute is unconstitutional would not affect the defendant for money paid him under that provision, provided he was paid no more than is therein intended to be provided.
Richardson v. State (supra) was' an action to recover back from defendant below certain money, which payments to him as a county commissioner were alleged to be illegal. The only question in the ease was whether in fact the statute provided for the payment to him for certain expenses incurred by him as such commissioner.
The items were for feed for his horse when engaged in traveling on the business of the county, and for his own board when engaged in like business. There were certain other items of a similar character, for which he had presented his account, but which had not been paid to him. It was one of the counties coming under the part of Section 897, which is general in its application. This provides that each county commissioner shall be allowed three dollars for each day that he is employed in his .official duties, and five cents per mile for his necessary travel, for each regular or called session, not exceeding one session each month, or twelve in any one year, and five cents per mile when traveling within their respective counties on official business, * * * and when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business out of his county, shall be allowed in addition to his compensation and mileage,, as hereinbefore provided, any other reasonable and necessary expenses actually paid in the discharge of his official duty. The court held that the “three dollars per day allowed the commissioner is the limit of his compensation for his day’s work, in whatever way it may be *643 performed in the discharge of his official duties. “He can not lawfully claim that the county is also bound to pay his board or other personal expenses.”
The court then defines the term “mileage,” and says:
“He must pay all the expenses incurred, and his only source of reimbursement is the amount of mileage allowed him. To make such expenses an additional burden on.the public fund would require a plain and unequivocal provision of the statute. An intention to do so will not be inferred.”
The court held that he could claim nothing for any such expenses beyond his per diem and mileage. The court said in commenting on the last clause of the section, without deciding its ambiguity, that, “however that question may be resolved, the expenses authorized to be paid a commissioner under the provision of the statute in question, are, we think, official expenses, as distinguished from those which pertain to his personal comforts and necessities.” Applying this ruling to that part of said section applicable to Franklin county, we find that no -part of said section provides for mileage for the commissioners of this county when traveling either within or without the county.
In lieu thereof, for expenses incurred when traveling without the county, it merely provides, in addition to the salary, “and necessary traveling expenses when traveling outside of the county on official business.” . It makes no provision for board or other personal expenses. As the Supreme Court has held that the expenses authorized under the last clause of this section are official expenses only, and are distinguished from those which pertain to his personal comforts and necessities, the necessary traveling expenses provided in the part of the act pertaining to the county must be construed to mean simply the expenses of going and coming, and could not include board or other personal expenses.
The same reasoning will apply to the demurrers to the fourth cause of action, as that voucher includes items of personal expenses purporting to have been incurred when traveling outside of the county, also to a part of the items in the third cause of action.
*644 The other items set forth in the voucher in the third cause of action are for expenses incurred when traveling within the county. It does not appear whether or not said items are a part of the $800 per annum allowed for expenses incurred by defendant in the proper discharge of his duties within the county, as provided by Section 897b. If they are in addition to said $800 allowance, they would be illegal. The absence of facts to show will render- this cause of action good against a demurrer.
The first cause of action sets forth what purports to be an item for service of defendant as a member of the county board of equalization. This is provided for under Section 2813. It there provides that each member of the annual county board of equalization shall be entitled to receive for each day necessarily employed in the performance of his duties, the sum of three dollars. Section 2804 provides that the auditor and county commissioners shall compose the county board of equalization.
Said act so far as this county is concerned is general in its operation. The words "such county” in Section 2813 implies that the act is applicable to certain counties which such words might qualify, and thereby render the act obnoxious as special legislation. But, so far as I can find in tracing -the history of this .legislation, the word "such” has crept into the act by some error. I fail to find any specified county or counties that it was intended to qualify, but do find in Section 2813 of the Revised Statutes of 1880, the words "each county,” showing that the act is general in its operation. This leads me to the conclusion that the present act, which is an amendment and supplement to Section 2813 of the Revised Statutes of 1880, is not special, but is general in its operation, and is consequently not unconstitutional. The commissioners, as members of the board of equalization, would, therefore, be entitled to the compensation provided in Section 2813a. Under the provisions of that part of Section 897, Revised Statutes, applicable to Franklin county, it was not necessary that any such statement of account be certified to by the prosecuting attorney and approved by the probate judge.
The fifth and sixth causes of action of the petition raises the question of the constitutionality of Section 897, Revised *645 Statutes, as amended April 24, 1893 (83 O. L., 71), and of Section 8976, as amended in 87 0. L., 57, and seeks to enjoin the defendant from drawing from the county treasurer any money thereunder, other than may be authorized by law.
M. E. Thrailkill, for plaintiff.
E. L. Taylor, Jr., for defendant.
As heretofore stated, there is no doubt but 'that under the authorities cited in the 66 0. S. Reports that Section 8976, and at least that part of Section 897 which is intended to be specially applicable to Franklin county, are unconstitutional and void.
The said fifth and sixth causes of action are, therefore, good as against a general demurrer. Both provisions, however, are now repealed by a legislative act (97 O. L., 254), but subsequent proceedings must determine what disposition will be made of said cause of action.
For the reasons and conclusions above stated, the demurrer to the first cause of action is sustained. The demurrer to each of the other five causes of action is overruled.